Lessee of SAMUEL BARR, Assignee of DANIEL LAMPLUGH *vs.* JAMES STILLMAN et al, tenants in possession.

The limitation of suits under the bankrupt law of the United States of 19th August, 1841, applies to real actions brought by the assignee in this court, though differing in the period of limitation, from our own act of limitation.

The repeal of the bankrupt law by the act of March, 1843, would not effect such an action brought within time.

THIS was an action of ejectment, tried at New Castle, May term,

1848. The points appear from the case agreed, and the following opinion delivered by Judge Wootten.

WOOTTEN, *Judge.*—This case was presented and argued at the last term of the court, on the following statement of facts, to wit: Daniel Lamplugh conveyed the property which constitutes the subject matter of this suit to S. Johnson and another, by two several conveyances, the one bearing date on the 25th day of November, 1840, and the other on the 28th day of May, 1842. These conveyances were alledged to have been made without any consideration. On, the 27th day of September, 1842, Lamplugh was declared a bankrupt under the bankrupt law of the United States, passed on the 19th day of August, 1841, and Samuel Barr was appointed his assignee, whose lessee instituted this suit, for the purpose of recovering the property in question.

As a defence to the plaintiff's right of recovery, the defendant relies, first upon the limitation of the act of Congress of the 19th of August, 1841; secondly, upon the act of the third of March, 1843, which repeals that of the 19th of August, 1841.

These facts and the pleadings and argument in the cause present two points for the decision of the Court : first, whether the limitation of the act of Congress applies, or whether the limitation law of this State governs; secondly, whether the act of Congress, passed on the third of March, 1843, which repeals the act of the 19th of March, 1841, deprives the plaintiff who is the assignee of Lamplugh, of his power to sue.

It is contended on the part of the plaintiff, that the decree in bankruptcy and the appointment of an assignee, vests the right of property of all the effects of the bankrupt in the assignee, and that the State courts have a common law jurisdiction for the enforcement of the rights thus vested in the assignee; and that, therefore, the limitation law of the State in which the suit is instituted must govern, and not the limitation of the act of Congress; the act of Congress only providing a limitation for cases instituted in the district and circuit courts, which are the only courts having jurisdiction by that act, over cases of this sort.

As to the first point, assuming the fact for the purposes of this case, that the State courts have jurisdiction at all over such cases, I am of opinion that they are restricted in the exercise of it to the provisions and limitations of the act of Congress, which authorizes the proceeding, and by virtue of which the assignee derives all his

power to sue. This position is sustained by the act of Congress itself, which declares "that no suit at law or in equity, shall be brought in *any court whatever*, unless the same shall be brought within two years after the declaration and decree in bankruptcy, or after the cause of suit first accrued." This language is very broad in its terms, and certainly means something more that the district and circuit courts; and moreover the act of Congress is the supreme law of the land, and therefore, paramount to that of any particular or individual State, and for the same reason the case does not fall within the principle of lex fori. It is essentially different from those referred to in the argument, of a citizen of this State finding his debtor in another State and suing him there; or that of an assignee of a bankrupt residing in one State suing the debtor of such bankrupt in another State.

It is true that the decree and appointment of an assignee in bankruptcy, vests the right of property in the assignee, only for the purposes contemplated by the bankrupt law, and therefore the property when recovered by and reduced to the possession of the assignee, is held by him in the character of assignee, subject to distribution in accordance with the provisions of the bankrupt law, so as to effect the purposes of its enactment. The assignee acquires no absolute rights whatever by the assignment, and therefore cannot assert any, except in and by virtue of the bankrupt law; consequently when a suit is instituted in *any* court, for the enforcement of the rights which the assignee of a bankrupt acquires by virtue of his appointment under the bankrupt law, such suit must be subject to and controlled by all the provisions and limitations of that law; therefore, the limitation of the act of Congress of the 19th of August, 1841, applies, and operates as a bar to the plaintiff's right of recovery in this action, the suit not having been commenced "within two years after the declaration and decree in bankruptcy, or after the cause of suit first accrued."

This disposition of the first point renders a decision of the second unnecessary; but as it has been argued by counsel and considered by the court, it is perhaps proper that we should express an opinion upon that point also.

The saving clause of the act of Congress, passed on the third day of March, 1843, seems to contemplate the perfecting of any *case or proceeding in bankruptcy*. The question then arises as to what is a case or proceeding in bankruptcy. I think the most reasonable,

and indeed the only rational construction that can be given to the language of the saving clause of the repealing act is, that if the initiatory steps were taken in a case of bankruptcy, for the purpose of obtaining the benefit of the bankrupt law, before the passage of the repealing act, such case or proceeding should not be arrested by the repealing act; but should be "proceeded in and prosecuted to its final consummation, as fully as if the act which repeals the original act of 1841, had not been passed." Any other construction would render the saving clause of the act of 1843 nugatory, as to a very large proportion of cases; and indeed it would be of very little moment in any case, for a large proportion of cases would be arrested in their incipient stages and left in a confused and unfinished condition.

If this suit is a case or proceeding in bankruptcy within the meaning of the act of Congress, the distribution of the property when recovered and reduced to the possession of the assignee, would also be a case or proceeding in bankruptcy; and, according to the construction contended for by the counsel for the defendant, if this suit had been instituted in due time, and the property recovered before the passage of the repealing act, and still remaining in the possession of the assignee, distribution could not have been made by the assignee, because it had not been commenced before the passage of the repealing act. Such a construction would be in direct conflict with the saving clause of that act, which expressly declares that nothing therein contained shall affect any case or proceeding in bankruptcy commenced before its passage, but any such proceeding may be continued to its final consummation, in like manner as if it had not been passed.

I am of opinion therefore, that if this suit had been commenced within two years from the declaration and decree in bankruptcy, there is nothing in the act of Congress of the third of March, 1843, which would prevent the plaintiff's recovery; but not having been instituted within such time, the right of recovery is barred, and therefore judgment must be entered for the defendant.

The other judges concurred.